UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROBERT JONES, JR.,<br><br>Defendant. | Civil Action No. 3:21-cv-98-TCB |

**PLAINTIFF'S MOTION FOR AN ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR AND AUTHORIZING THE SEC TO APPROVE PAYMENT OF THE TAX OBLIGATIONS OF THE FAIR FUND AND THE RELATED FEES AND EXPENSES OF THE TAX ADMINISTRATOR WITHOUT FURTHER COURT ORDER**

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") respectfully moves this Court for an Order: (i) establishing a Fair Fund (the "Fair Fund"), pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. § 7246(a)]; (ii) appointing Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm with an office in San Francisco, CA, as tax administrator ("Tax

1

Administrator") of the Fair Fund to execute all income tax reporting requirements of the Fair Fund; and (iii) authorizing the SEC to approve and arrange for the payment of the tax obligations of the Fair Fund and related fees and expenses of the Tax Administrator from the Fair Fund without further Court order. The appointment of a tax administrator is necessary to ensure that the funds are maintained and distributed in compliance with federal and state tax laws. The Commission has submitted a proposed order contemporaneously with the filing of this Motion.

### Background

1. On June 28, 2021, the SEC filed a Complaint against John Robert Jones, Jr. ("Jones") (the "Defendant"). From October 2017 through approximately December 2018 ("Relevant Period"), Jones fraudulently induced at least 24 investors to invest at least $5.1 million in two private unregistered private funds, falsely promising growth, and safety with limited risk.

2. Jones, founded and controlled two private funds -- PED Index Fund, L.P. ("PED") and PED Index Fund A1, L.P. ("PED A1") (collectively the "PED Funds") that were Delaware limited partnerships formed in December 2016 and August 2017, respectively.

3. Jones misrepresented to potential investors in the PED Funds, among other things, that investor funds were protected such that investors could only lose

10-15% of their principal investment, that investors' principal was insured, and that his investment strategy was created in concert with a national financial organization. None of these things were true. As a result, he gave investors the false impression that the investment opportunities that he offered would be lucrative and have the protection of quantifiable downside risk *(Dkt. 1).*

4. Jones' scheme collapsed in December 2018. Jones 'trading strategy that month -- he increased the PED Funds' exposure to S&P call options -- combined with a downturn in the stock market caused huge losses for the PED Funds, and therefore the investors. Instead of limiting investor's principal risk, Jones exposed investors to losses between 48% and 66% (an average of 57% loss). He closed the PED Funds late that month.

5. On July 7, 2022, the Court ordered that Jones was liable for disgorgement of $80,646.30, representing net profits gained as a result of the conduct alleged in the complaints, together with prejudgment interest thereon in the amount of $10,206.84; and a civil penalty in the amount of $195,047.00 pursuant to Sections 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act").[1] *(Dkt. 17).*

---

[1] In a related order on July 7, 2022, the Court found that Jones was liable for disgorgement of $80,646.30, prejudgment interest of $10,206.84, and civil penalty of $195,047 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act"). **(Dkt. 17)**

6. The Commission holds $285,900.14 paid by the Defendant pursuant to the Court Order issued on July 7, 2022, comprising the Fair Fund. The Fair Fund is held in an SEC-designated account with the United States Department of the Treasury and will be distributed to harmed investors pursuant to a distribution plan to be approved by this Court. Any interest accrued will be added to the Fair Fund. The current balance of the Fair Fund as of May 7, 2024, is $316,109.29.

## Establishment of a Fair Fund

7. The Commission now moves the Court to establish a Fair Fund for the $285,900.14, plus accrued interest and earnings, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, which provides in relevant part:

> If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.

*See* 15 U.S.C. § 7246(a).

8. The Commission brought this action under the securities laws and Defendant paid a civil penalty pursuant to the Final Judgment. Accordingly, the requirements of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, have been satisfied, and the Court should establish a Fair Fund to facilitate the ultimate distribution of the funds to investors harmed by Defendant's conduct. The creation of a Fair Fund is a precursor to creating a plan of distribution for Court approval and ultimately distributing funds to victims of the violations of the securities laws. The SEC intends to develop a distribution plan ("Plan"), which may involve applying to the Court for the appointment of a distribution agent to assist with the development and administration of such Plan, and to then seek Court approval of the Plan.

## Appointment of a Tax Administrator

9. The Fair Fund is a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. A tax administrator, on behalf of the Fair Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable QSF. The reasonable costs, fees, and other expenses incurred in the performance of the tax administrator's duties

should be paid from the Fair Fund.

10. The SEC recommends the appointment of Miller Kaplan as Tax Administrator for the QSF. Miller Kaplan is experienced in the taxation of QSFs and has agreed to reasonable fees for its services.[2] In summary, Miller Kaplan will provide the following services for a fixed fee of $1,850, or $925 if the QSF holds $120,000 or less or is opened and closed in the same year:

    (a)    obtain a federal employer tax identification number for each QSF;

    (b)    prepare and file federal and state income tax returns, as required;

    (c)    when required, calculate quarterly estimated tax payments, and provide information to the SEC so that payments may be made timely;

    (d)    make arrangements with the SEC staff to pay the tax liability of the QSF;

---

[2] Miller Kaplan is one of the firms that the SEC has engaged to render tax consulting services on its behalf for QSFs established in administrative proceedings for calendar years 2022 through 2024 at agreed upon rates. *See* Omnibus Order Directing the Engagement of Two Tax Administrators for Appointment on a Case-by-Case Basis in Administrative Proceedings that Establish Distribution Funds, Exchange Act Rel. No. 94845 (May 4, 2022). As part of Miller Kaplan's engagement with the SEC, Miller Kaplan has agreed to render those same services at the agreed upon rates for calendar years 2022 through 2024, for any QSF it is appointed to serve as the tax administrator, including appointments made by a Court in civil actions brought by the SEC in federal district court.

    (e)    calculate and recommend retention of a reserve for penalties and interest to be assessed as a result of any late filing of tax returns and/or late payment of taxes;

    (f)    determine and comply with information reporting obligations of the QSF for payments to vendors; and

    (g)    all administrative tasks necessary to the foregoing services.

Additional tax compliance services would be provided at the SEC's request and billed in accordance with Miller Kaplan's agreement with the SEC.

11. Miller Kaplan has served as a tax administrator for numerous QSFs requiring compliance similar to the Fair Fund. Therefore, the SEC staff respectfully requests that the Court appoint Miller Kaplan as Tax Administrator to execute all income tax reporting requirements, including the preparation, and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

### Authorization to Pay the Tax Obligations of the Fair Fund and Tax Administrator Fees and Expenses

12. In an effort to meet tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the SEC further requests that SEC staff be authorized to approve and arrange for the payment of all tax obligations of the QSF and reasonable related fees

and expenses of the Tax Administrator from the Fair Fund without further Court order. The SEC staff follows a rigorous process for reviewing and approving invoices before payment is made. The SEC's Office of Distributions requires and reviews, in a multi-step process, detailed invoices from the Tax Administrator that describe the work performed, the billing rate, and the time expended on each task. If the Court authorizes the SEC staff to approve and arrange for the payment of taxes and related fees and expenses of the Tax Administrator without further Court order, the SEC staff will use its expertise in distributions and knowledge of this specific distribution to review all proposed charges. The SEC staff will approve and arrange for payment only of appropriate and properly documented taxes and related fees and expenses of the Tax Administrator. Authorizing such approval and arrangement of payment ensures timely and efficient payment of taxes reducing the risk of late tax payments and penalties and ensures timely payment of the related fees and expenses of the Tax Administrator. All tax payments and tax administration fees and expenses will be reported to this Court in the final accounting of the Fair Fund once all Court authorized distributions have been completed.

**WHEREFORE**, for all the foregoing reasons, the SEC respectfully requests that this Court enter the attached proposed Order and grant such other relief as the Court deems just and proper.

                                  Respectfully submitted,
                                  /s/Devon A, Brown
                                  Devon A. Brown
                                  Attorney for Plaintiff
                                  Trial Attorney for SEC
                                  Office of Distributions
                                  Division of Enforcement
                                  100 F Street, N.E.
                                  Washington, D.C. 20549-5876
                                  Phone: (202) 551-4582
                                  Fax: (301) 623-1188
                                  Email: Brownde@sec.gov

Dated: May 16, 2024

## CERTIFICATE OF SERVICE

I, Devon Brown, hereby certify that, on May 16, 2024, I caused the foregoing document to be electronically filed with the clerk of the court for the U.S. District Court of Northern District of Georgia Newnan Division, using the electronic case filing system of the court. The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      /s/Devon A Brown
      Devon A Brown

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that, pursuant to local Rules 5.1C and 7.1D of the United States District Court for the Northern District of Georgia the foregoing Motion For an Order Establishing a Fair Fund, Appointing a Tax Administrator and Authorizing the SEC to Approve Payment of the Tax Obligation of the Fair Fund and the Related Fees and Expenses of the Tax Administrator without further Order was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 16 day of May 2024                                     Respectfully Submitted,

/s/ Devon A. Brown
Devon A. Brown
Trial Attorney for SEC
Office of Distributions
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-5876
Phone: (202) 551-4582
Fax: (301) 623-1188
Email: Brownde@sec.gov